## Asher v. Commonwealth.

(Decided December 1, 1925.)

### Appeal from Perry Circuit Court.

1. **Indictment and Information—Indictment Charging Conspiracy to Intimidate and Injure Several Parties Held to Charge but a Single Offense.**—Indictment alleging a conspiracy under Ky. Stats., section 1241a-1, which had for its purpose intimidation and injury of several parties, held to charge but a single offense.

2. **Conspiracy—Whether Criminal Conspiracy to Intimidate and Injure Several Parties Existed Held for Jury.**—In prosecution under Ky. Stats., section 1241a-1 for criminal conspiracy to intimidate and injure several parties, whether there was a criminal conspiracy held for jury.

3. **Conspiracy—Verdict of Quality of Conspiracy Held Not Flagrantly Against Evidence.**—In prosecution under Ky. Stats., section

1241a-1, for conspiracy to intimidate and injure several parties, verdict of guilty held not flagrantly against the evidence.

ROGERS T. MOORE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

On October 23, 1924, and between 1:30 and 3:30 a. m., Dave Asher, Carl Combs and Charles Campbell visited in turn the Savoy, the City and the Riverside restaurants in the city of Hazard. These places were conducted by Greeks and at each Asher upon one pretext or another created a disturbance and had a fight with the Greek in charge. Asher and his companions were jointly indicted and charged with a criminal conspiracy as defined by section 1241a-1 of the statutes. Upon his separate trial Asher was convicted and sentenced to confinement in the penitentiary for one year.

The first two complaints are that the court erred in overruling a demurrer to the indictment and in failing to require the Commonwealth to elect which of the several offenses charged in the indictment it would prosecute.

Both of these complaints are based upon the single contention that the indictment is multiplicious. The accusatory part of the indictment charges simply a criminal conspiracy alleged to have been committed as follows: "The said Dave Asher, Carl Combs and Charles Campbell on the 23rd day of October, 1924, in the county and state aforesaid and before the finding of this indictment, did unlawfully, willfully and feloniously confederate and band themselves together, conspired to and agreed with each other to disturb, alarm, and intimidate Kora Vetta, Pete Collios and Steve Thomas, etc."

The contention is that this is a charge of a separate conspiracy with reference to each of the named parties, but this is not true. Only one conspiracy is charged, which, as alleged, had for its purpose the intimidation and injury of several parties. It is therefore clear that the indictment charges and describes only a single offense and that neither of the complaints based upon a contrary contention is tenable.

The only other contention is that there is no proof of a conspiracy and the verdict is therefore unsupported by any evidence.

It is true there is no direct evidence of any agreement by the defendants that they would act together and intimidate or harm the three Greeks, but the proof for the Commonwealth that they went from one restaurant to another where the Greeks were employed and did just that thing and in each instance without provocation indicates strongly that such action had been prearranged. Nor does the fact that each of the defendants denied the existence of such an agreement or understanding and testified that only Asher was engaged in the successive assaults upon Vetta, Collios and Thomas do more than contradict the only reasonable inference from the facts proven by the witnesses for the Commonwealth and their testimony that while Asher was the aggressive member of the party the other two defendants in each instance were present, aiding, assisting and abetting him.

Hence upon all the evidence the question of whether there was a criminal conspiracy as charged was for the jury, and it can not be said the verdict is either unsupported by or flagrantly against the evidence.

Judgment affirmed.