## Wood v. Commonwealth.

(Decided October 8, 1929.)

J. E. STEPHENS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Gorman Wood and Edgar Gilreath were indicted by the grand jury of McCreary county for the offense of confederating and banding themselves together for the purpose of disturbing and injuring Bill Meadors. On a separate trial Gorman Wood was found guilty, and his punishment fixed at one year's imprisonment. He appeals.

The record discloses that Bill Meadors, M. B. Campbell, Will Kidd, and Jesse Walker were engaged in hauling and loading lumber at a point near Pine Knot. When they arrived there, appellant, Edgar Gilreath, and Everett Frogge were there. According to Meadors,

Kidd, and Walker, appellant and his companions had some whisky, and appellant was trying to get Everett Frogge to stay away from it. Shortly after Meadors and his party came up, appellant, who had a pistol slinging it around on his finger, asked them to turn their heads. After that appellant handed the pistol to Gilreath, and he and Frogge had a tussle over it. On securing the pistol, Gilreath said he would shoot their damn heads off at the shoulder. There had been no previous trouble of any kind, and appellant and his companions made no effort to harm anybody. On the other hand, appellant and Frogge said that appellant had no pistol and said nothing to the men engaged in loading the lumber.

The prosecution is under section 1241a1, Kentucky Statutes, making it a felony for two or more persons to confederate or band themselves together for the purpose of intimidating, alarming, or disturbing or injuring any person or persons, etc. To sustain a conviction under this statute, there must be evidence tending to show that the parties indicted did confederate or band themselves together for such purpose. In short, a conspiracy must be proved. It is true that a conspiracy may be shown either by direct evidence, or by facts and circumstances, but neither is present in this case. There is not a word to show that, prior to their arrival at the place where the trouble occurred, appellant and his companions agreed to alarm or intimidate the men working in the car. There had been no prior trouble or feeling between the parties. Appellant and his companions arrived first, and for aught that appears they did not know that Meadors and those with him would be there. Though it be true that appellant handed his pistol to Gilreath, there was no suggestion by him that Gilreath use it for the purpose of intimidation. While it is doubtless true that appellant and Gilreath were guilty of reprehensible conduct, there is no evidence that their conduct was the result of a conspiracy. We are therefore constrained to the view that the evidence was insufficient to take the case to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.