## Brashear v. Commonwealth.

(Decided Nov. 11, 1938.)

A. T. W. MANNING for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On a former appeal of this case we reversed a judgment of the lower court sentencing appellant to confinement in prison for two years, upon an indictment charging him, Arthur and Homer Fisher, and Carlo

Belt with having banded together, gone forth and injuring another person. Kentucky Statutes, sections 1241a-1 and 1241a-3.

The material facts are fairly set out in the former opinion (269 Ky. 293, 106 S. W. (2d) 999), to which reference is made, if one desires to become acquainted with the facts and circumstances which led to the indictment, and consequent trial resulting in a conviction of appellant and the imposition of one year's imprisonment.

On the former appeal appellant contended that the indictment was faulty, but we held that the court properly overruled demurrer. However, we reversed the judgment because the court had not properly framed instructions Nos. 1 and 2, in that he had not fixed the limitations of penalty as provided in the statutes, and had failed to describe the offense properly as set out in the indictment. We held that the court had not erred in refusing to sustain appellant's motion for an instruction directing acquittal.

As said above, the facts are substantially given in the former opinion, though nothing was said of the defense. Appellant's testimony was to the effect that he did not strike Squire Jones; that he had not confederated with another, or others, for the purpose of injuring any one, that he was not near enough to the scene of difficulty to participate, and did not participate, and that he was intoxicated to such an extent that he hardly knew what did happen.

The proof is that several of the alleged attacking party were intoxicated to a degree. We found in the other case, and find here, ample proof of appellant's being near enough to the scene of action to qualify under the law as written, as an aider and abettor. There is here, as we found on the first appeal, sufficient evidence from which the jury could reasonably conclude that between the first controversy, and the one which followed, resulting in the assault, the parties had ample opportunity to, and did band together for the very purpose later consummated.

On this appeal one contention is that there was not sufficient evidence to show that appellant entered into the plan; or was near enough when the assault was made to take part, or that he actually took part.

It may be conceded that the prosecuting witness was struck only once, and that one of the indicted four, other than appellant, admitted that he struck the injurious blow. Under repeated decisions of this court holding that testimony in this class of cases is allowed to take a wide range and that participation may be shown by actions, declarations, acts, facts and circumstances, though there be no positive or direct evidence, we are of the opinion that there was sufficient evidence on the question of conspiracy. Alsbrook v. Com., 243 Ky. 814, 50 S. W. (2d) 22; Helton v. Com., 245 Ky. 7, 53 S. W. (2d) 189. There was sufficient evidence to take the case to the jury, and quite enough to justify the jury's conclusion of guilt, either under the first or second instructions. Middleton v. Com., 204 Ky. 460, 264 S. W. 1041; Asher v. Com., 211 Ky. 524, 277 S. W. 842; Sebree v. Com., 260 Ky. 526, 86 S. W. (2d) 282.

The other contention, though not strenuously urged in brief, is substantially: That under an indictment of the kind here, there is no inclusion of the charges of malicious striking or assault and battery, hence the court should not have instructed the jury on either of the lesser offenses. In other words the argument leads to this, that if the jury had concluded there was no banding together but did believe there was a felonious assault, or a common assault and battery, accused should go free. Here the indictment charged striking with a deadly weapon.

We cannot agree with counsel on the contention that the court erred in giving the instructions complained of now. The most we can say is that even if erroneous, it is perceivable that the error was to the benefit of appellant, rather than to the prejudice of any of his substantial rights. Again, we note from a casual reading of the briefs in the record on the former appeal, and a check on parts of the record, that these identical questions were raised and argued by appellant. In our opinion, supra, 106 S. W. (2d) 1000, we said: "There is no merit in the other criticisms of the instructions," and thus we say here.

Judgment affirmed.