## Combs v. Commonwealth.

Feb. 14, 1941.

E. B. Rose and I. M. Combs for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Warren Combs and Willard Combs, brothers, were jointly indicted for confederating and banding themselves together for the purpose of intimidating, alarming, disturbing or injuring another person, a crime defined by Section 1241a-1, Kentucky Statutes. On his separate trial, Warren Combs was convicted and his punishment fixed at confinement in the state penitentiary for a term of one year. The sole ground urged for reversal of the judgment is that the evidence was insufficient to take the case to the jury, and the trial court erred in overruling appellant's motion for a directed verdict of acquittal.

The prosecuting witness, Wythe Gilbert, testified

that on the day the alleged offense was committed he was walking along a country road in Lee county when he met an automobile driven by appellant, who was accompanied by his brother. After the automobile passed him it stopped and the Combs brothers got out and followed him down the road, and began cursing and abusing him. Gilbert had started to the home of Frank Gentry, but evidently became alarmed and left the road and went to the home of Jack Norman. Appellant and his brother returned to the automobile, turned it around, and drove to Jack Norman's house. Gilbert went in the house and Norman prevented appellant and his brother from following him. One of the Combs brothers then asked Norman to send Gilbert out, but Norman refused. Appellant and his brother finally left, and Norman took Gilbert to the latter's home in an automobile. It is appellant's contention that there is no evidence tending to show that a conspiracy existed or that the meeting between the Combs brothers and Gilbert was premeditated. It is argued that, on the other hand, the evidence shows the meeting was casual and accidental, and that, at most, appellant was guilty of a breach of the peace.

What may be a minor offense when committed by a single person may be a serious crime when committed by two or more persons acting in concert. The gravamen of the offense defined by Section 1241a-1 is the conspiracy to commit the acts referred to therein, and it is immaterial when the conspiracy is formed or whether the act is consummated or not. Acree v. Commonwealth, 243 Ky. 216, 46 S. W. (2d) 1051; Cobb v. Commonwealth, 242 Ky. 424, 46 S. W. (2d) 776. Of course, if the acts of intimidation are committed without a previous conspiracy or banding together but as a result of sudden anger, the parties committing the acts of intimidation are not guilty of the felony with which appellant is charged. Here, there was no sudden affray or other cause for sudden anger on the part of appellant and his brother. After passing Gilbert on the road they stopped their automobile, got out and followed him down the road cursing and abusing him. They returned to their automobile and followed Gilbert to the home of a neighbor, where he evidently went for protection and safety, and attempted to follow him into the house. They acted in concert throughout, and there was ample evidence to warrant the inference that they had entered into a con-

spiracy to intimidate and alarm Gilbert. True, it was said in Lester v. Commonwealth, 284 Ky. 352, 144 S. W. (2d) 808, 810:

> "A conviction may not be established by suspicion and evidence of relationship among the accused or their association at a time when a crime was committed by one of them. Further, mere acknowledgment, acquiescence or approval of the criminal act, without co-operation or agreement to co-operate in its commission, is not sufficient to constitute one a party to the conspiracy to commit the crime. Baird v. Commonwealth, 241 Ky. 795, 45 S. W. (2d) 466."

Here, however, we have co-operation, and the acts of the accused parties are inconsistent with any theory other than that they were acting by prearrangement, although the plan to intimidate, alarm or disturb Gilbert may have been formed immediately before the act was consummated. This is not a case where, after an unpremeditated meeting, two persons become involved in a difficulty and others join in the affray as in Sexton v. Commonwealth, 262 Ky. 636, 90 S. W. (2d) 999, Wood v. Commonwealth, 230 Ky. 813, 20 S. W. (2d) 980, and other similar cases relied upon by appellant.

We think the evidence is sufficient to sustain the verdict, and the judgment is affirmed.