## Brock et al. v. Commonwealth.

Feb. 16, 1943.

John S. Cooper for appellants.

Hubert Meredith, Attorney General, and A. T. Iler, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

Appellants, Claude Brock, Cladus Daulton, and Floyd Sharpe, were convicted of the crime of confederating and banding together to go forth for the purpose of intimidating, alarming, injuring, and disturbing Hobart and Luther Daulton. Each was sentenced to imprisonment in the state reformatory for a period of one year. They seek reversal on the grounds, (1) the evidence is not sufficient to support the jury's verdict, and (2) the court erred in instructing the jury.

Appellants were returning from church when they stopped to drink from a spring which was located approximately 20 yards from the home of the Daultons. The spring is used frequently by persons passing along the road. At the spring they encountered Homer Daulton and immediately thereafter were joined by Luid, Woodrow, and Delno Daulton. There had been no disturbance or unpleasantness previous to that time, and there was no evidence of any concert of action between the three defendants except that they were lawfully proceeding together in the direction of their homes and all were riding mules. Appellant, Cladus Daulton, 17 years of age, was riding behind Claude Brock on one mule and Floyd Sharpe was riding the other. While at the spring, Hobart Daulton and Claude Brock engaged in a slight altercation which was not participated in by either of the other appellants. Following the unpleasant exchange of words, Hobart Daulton returned to his house and was followed by Claude Brock. The others present, including Cladus Daulton and Floyd Sharpe, followed and grouped themselves about 6 feet from Brock, who stationed himself near the door of the house. Hobart Daulton came out the door and he and Brock engaged in a fight. The evidence is conflicting as to who struck the first blow, but, in the course of the fight, Daulton struck Brock on the head with a stick of stovewood knocking him to his knees and stunning him. Immediately thereafter Luther Daulton came out of the house, ordered Brock off the premises, as a result of which he and Brock engaged in a second fight. In this encounter Luther Daulton was struck on the head by Brock. The three appellants then departed on their mules.

The crime for the commission of which appellants were convicted is described in section 1241a-1, Carroll's Kentucky Statutes, KRS 437.110. This court's opinion in Wood v. Commonwealth, 230 Ky. 813, 20 S. W. (2d) 980, points out that to sustain a conviction under this statute there must be evidence tending to show that the parties indicted did confederate or band themselves together for the unlawful purpose described in the statute. In other words, a conspiracy to do an unlawful act must be proved. The mere presence of one at the scene of the commission of a crime, or a showing that he had been in the presence of the perpetrator of the crime previous to its commission, is not sufficient evidence that such one has entered into a conspiracy with the perpetrator of the crime. In this case there was no evidence that prior to or after their arrival at the spring appellants agreed to alarm, intimidate, or in any wise harm the Daultons; there had been no trouble prior to the meeting with Hobart Daulton and there is no showing in the record that either Sharpe or Cladus Daulton from the time they left the spring, until they got to the house, knew that Brock had the intention, if any he had, to engage in a fight with any of the Daultons at any time previous to the striking of the first blow. At most, Sharpe and Cladus Daulton were mere curious spectators to a fight between Brock and Daulton. They were not engaged in the commission of any offense, indeed their conduct was not even reprehensible; and if Brock was guilty of committing a crime, certainly he was not guilty of committing the one for which he was convicted.

The judgment is reversed for proceedings not inconsistent with this opinion.