## Williams v. Commonwealth.

May 25, 1943.

Napier & Napier for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

On the 28th day of March, 1942, Ed Campbell, a resident of Perry county, died of wounds produced by his being struck on the head with a blunt instrument. Morris Colwell, Bill Williams, and John Collins were indicted jointly for the murder. Williams and Collins were tried jointly, each receiving a sentence of 10 years in the state reformatory. Williams has appealed.

The evidence discloses that in the late afternoon of March 28, Colwell, Williams, and Collins met Ed Camp-

bell at Krypton, Perry county, Kentucky. At that time and at all times thereafter, according to the uncontradicted testimony of all the witnesses, many of whom are disinterested, Bill Williams was in an extreme state of intoxication and unable to walk without assistance. Difficulty arose between Colwell and Campbell resulting in the former throwing the latter into the Kentucky river. During the altercation and assault, Williams was lying on the ground near a barn on top of the bank of the river. After Campbell recovered from this experience, he made his way to a restaurant where beer was sold. Colwell, Collins, and Williams met him there a short time thereafter, the four drinking beer together. A short while after dark, Campbell started up Campbell's creek toward his home and soon thereafter was followed by the others, Williams still being so intoxicated that it was necessary for Collins to support him to keep him from falling to the ground. Colwell made threats upon the life of Campbell and pursued him, making inquiries as to his whereabouts. During the pursuit he carried a large blunt club which could have caused the injuries resulting in Campbell's death. The next afternoon, a short distance up the road which all the parties were last seen to be traveling, some witnesses found blood and evidences of a struggle on the ground. About one half of a mile up the road from this point, Campbell's body was found in a toilet building near a church house. There were traces of blood on the highway leading from the point the first blood was found to the building in which the body of the deceased was discovered. No eyewitness was produced at the trial. Williams had never had any previous trouble with Campbell, scarcely knew him, and no attempt was made to show a motive for his committing or participating in the crime.

We have, as has the Attorney General, read the record twice in an endeavor to find some particle of evidence justifying the submission of the case to the jury in respect to appellant Williams; but we have been unsuccessful in this endeavor. On the other hand, all of the evidence conclusively shows that Williams, previous to and at the time he retired for the night, both physically and mentally, was incapable of participating in, or of forming an intent to commit, the crime, or of aiding, abetting, or counseling Colwell or Collins, if either of them committed the crime. A reasonable inference can be drawn from the testimony that if either Collins or

Colwell committed the crime, appellant was present at the time of its commission, but he was so helpless from intoxication that no inference can be drawn that he in any wise participated in its commission, or aided or abetted the perpetrators therein. Mere presence at the scene of a crime is not sufficient to attach guilt to the accused. Other facts and circumstances must be shown to connect him with the affray to justify submission of the case to the jury. Gambrell v. Commonwealth, 282 Ky. 620, 139 S. W. (2d) 454; Brock v. Commonwealth, 293 Ky. 311, 168 S. W. (2d) 993; Alexander v. Commonwealth, 285 Ky. 233, 147 S. W. (2d) 401.

The judgment is reversed with directions to grant appellant a new trial upon which, if the evidence is the same, the court will direct the jury to return a verdict of acquittal.