## Davis et al. v. Commonwealth.

October 21, 1949.

250

Grant F. Knuckles, W. R. Lay and W. L. Hammond for appellants.

R. J. Watson and Martin Wilson for appellee.

STANLEY, COMMISSIONER—Reversing.

The appeal is from the conviction of the defendants Hannah Davis, Clyde Spence and Bill Bishop, Jr. of statutory conspiracy. The Legislature, at its last session, reduced the offense to a misdemeanor and fixed the penalty the same as for a common law conspiracy. KRS 437.110. The penalty for each of the defendants was fixed at sixty days in jail and $100 fine.

The Commonwealth's proof is that these men were members of a group, variously estimated from fifteen to thirty, who went to a construction job in Middlesboro to induce and intimidate the workmen there into joining the United Construction Workers Union, which is an affiliate of the United Mine Workers. The evidence is that they threatened those who refused to sign the organization cards and physically assaulted the foreman and two men. The defendants Davis and Bishop were identified as among the assailants and Spence as having been standing nearby. The evidence was amply sufficient to sustain the conviction. Alsbrook v. Commonwealth, 243 Ky. 814, 50 S. W. 2d 22; Commonwealth v. Compton, 259 Ky. 565, 82 S. W. 2d 813; Brashear v. Commonwealth, 275 Ky. 356, 121 S. W. 2d 718; Chapman v. Commonwealth, 294 Ky. 631, 172 S. W. 2d 228.

We are of opinion, however, that it was prejudicial error not to have given instructions affirmatively submitting the respective claims of defense.

Spence was an organizer for the Construction

Workers Union. He testified that while on his way to this place alone at the noon hour (when the foreman would be absent) to get the majority of the workmen to sign up and thereby be ready when the foreman returned to tell him the result, he happened to meet up with Davis at the bus station. He told him where he was going and Davis said, "I will walk down with you. I know a few of the boys." Only the two went together. There was no agreement or understanding with him or anyone else, and he did not know any of the other men present. Indeed, he indicates he did not see them. Davis testified that he was not a member of this union but was of the miners union. His testimony is substantially the same as that of Spence. They say they were on a peaceful mission and deny participating in the subsequent affray. The defendant Bishop testified that he knew Spence but was not acquainted with Davis and Richardson, his co-defendants. Richardson was found not guilty. Bishop happened to be passing the place in an automobile and seeing ten or fifteen men there, he stopped. He did not participate in the fight or know who were fighting. However, he admits passing out three or four union cards. The testimony of these men is shot through with inconsistencies. Nevertheless, under the law we think they were entitled to instructions in accord with those prepared by this court to be given on another trial in Newton v. Commonwealth, 244 Ky. 41, 50 S. W. 2d 18; Stanley's Instructions to Juries, sec. 839. This case has been followed in Alsbrook v. Commonwealth, supra; Tyree v. Commonwealth, 253 Ky. 823, 70 S. W. 2d 930; Commonwealth v. Compton, supra; Chaney v. Commonwealth, 286 Ky. 434, 150 S. W. 2d 10. These cases are distinguished in Jones v. Commonwealth, 305 Ky. 609, 205 S. W. 2d 171.

The right of defendants in a case of this kind to such affirmative instructions has been questioned because under the primary instruction the jury must believe beyond a reasonable doubt that all the essential elements occurred else they must acquit the accused. It is a principle of the law of instructions in a criminal case that a special affirmative instruction should not be given except where the defense is in effect that of confession and avoidance. Sec. 771, Stanley's Instructions to Juries. It is true the gravamen of a criminal conspiracy is the

agreement and its consummation is generally immaterial. Combs v. Commonwealth, 285 Ky. 425, 148 S. W. 2d 291. Formerly the statute, KRS 437.110(1), did not specify that the conspirators should ''go forth'' to carry out the conspiracy. Section 1241a-1, Ky. Stats., Sec. 437.110(1), 1946 edition. It was amended in this particular also in 1948. Ch. 22, Acts of 1948. The indictment, in accordance with the statute, charged that the defendants confederated and banded together and did actually go forth and threaten and intimidate certain persons in pursuance of the conspiracy. The defendants confessed they went to the construction job—an essential factor to conviction if it was pursuant to a conspiracy—but sought to avoid responsibility because they were there on a peaceful mission or had merely stopped as a spectator. It is to their presence that the affirmative instruction must relate. It is to be noted that the approved forms of instruction cited do not embrace joining a confederation or banding together with other persons, but submit only the issue of the defendants' casual presence or peaceful mission at the place.

The judgment is reversed.