### Crabtree v. Commonwealth.

May 2, 1950.

R. C. Tartar, Judge.

H. K. Spear and R. B. Bertram for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, and Russell Jones, Commonwealth's Attorney, for appellee.

JUDGE HELM—Reversing.

This is a companion case to Acrey v. Commonwealth of Kentucky, 312 Ky. 732, 229 S. W. 2d 748, and Fairchild v. Commonwealth of Kentucky, 312 Ky. 738, 229 S. W. 2d 754.

Appellant, Willie Crabtree, was jointly indicted with John Acrey, Lester Gregory, Ray Burgess, and Maurice Fairchild, charged with the murder of Woodrow Cooper. A motion for severance was made and separate trials were had. Appellant was found guilty of manslaughter and his punishment fixed at 10 years in prison. He appeals, assigning as errors: (1) The court erred in failing to sustain appellant's motion for a directed verdict; (2) the court erred in overruling appellant's motion to require the Commonwealth to file a bill of particulars; (3) the court erred in failing to give the whole law of the case in his instructions to the jury; and (4) the court erred in admitting incompetent, irrelevant, and prejudicial evidence.

The evidence for the Commonwealth in this case is substantially the same as in the case of John Acrey v. Commonwealth of Kentucky. We summarized the evidence in that case and refer to it here.

Appellant, Willie Crabtree, says he had known Woodrow Cooper since he was small; Cooper, John Acrey, Lester Gregory, Maurice Fairchild were in his car on July 23, 1949. They drove to various places; to the Tennessee line, out Oil Valley Pike, went to Somerset to the carnival, came back to Monticello, picked up

Ray Burgess, and started back to Somerset. Crabtree says, "I don't remember coming back to Somerset the last time. * * * I was drunk and passed out." He doesn't remember when they left Somerset the last time. He doesn't recall any trouble on Highway 27 three or four miles out of Somerset. He doesn't remember anything from the time they started back to Somerset the second time until the next morning when he came to himself in the front seat of his car out at the Cooper Bridge. Ray Burgess was with him. From there he went home, "went in and went to bed." He was "in bed when the officers came that Sunday." During the years he had known Woodrow Cooper he had never had any trouble with him. He did not have any trouble with him during the day or night of July 23, or the early morning of July 24. He "had been drinking all day." During the day of July 23 they had two pints of whisky, a half-gallon of moonshine, and some beer. He did not see any fight on that date or know about it, and he did not know whether any of the boys in the car had any trouble. He didn't get out of the car at the scene of the trouble. The car in which he and the boys were driving was his—a dark green 1947 four-door, two-seated Buick.

Ray Burgess says that on July 23 he got in the car with Willie Crabtree and the others at Monticello and drove to Somerset to the carnival. Willie Crabtree was drunk and "passed out" about the time they reached Burnside. Crabtree did not "wake up" during any of the trouble when they stopped on Highway 27 below Somerset. Crabtree was in the front seat. They went out to the Cooper Bridge about five miles from Monticello and parked there. He and Crabtree remained in the car. Crabtree "woke up" the next morning.

The testimony in this case shows without contradiction that appellant was drunk and had "passed out" at the time of the trouble which resulted in the death of Woodrow Cooper. He was riding in the front seat of the car, which belonged to him, but it appears that he was unaware of the difficulty between Acrey and Cooper, and took no part whatever in it. We have read this record carefully. as well as the records in the other two cases, and we find no evidence to the contrary.

Mere presence at the scene of a crime is not sufficient to attach guilt to the accused, but other facts and

circumstances must be shown connecting him with the affray to justify submission of the case to the jury. 6 West Ky. Digest, Criminal Law, Key 59(3).

It is the theory of the Commonwealth that appellant aided and abetted Acrey, but appellant and all of his codefendants state that he was in the car during all of the trouble, and took no part whatever in it. In Taylor v. Commonwealth, 301 Ky. 109, 190 S. W. 2d 1003, 1005. we said: ''The rule as set out in Roberts v. Commonwealth, 212 Ky. 791, 280 S. W. 111, 113, and reiterated in numerous other cases, is undoubtedly the proper and governing rule as touching aiding and abetting. In that case the court said: 'In order to constitute one an aider or abetter in the commission of a crime he must be actually or constructively present at the time of its commission and participate in some way in the act committed. It is not essential that there should be a prearrangement or mutual understanding or concert of action, but in the absence of these, it is essential that the one so charged should in some way either by overt act or by expression or advocacy or sympathy encourage the principal in his unlawful acts.' '' See Williams v. Commonwealth, 294 Ky. 427, 172 S. W. 2d 40, a case which the facts and circumstances were much stronger than the proof in this case.

We are constrained to hold that the trial court, under the testimony here, should have sustained appellant's motion for a directed verdict. Upon another trial, if the evidence is substantialy the same as on this trial, the court should direct a verdict for appellant. All other questions are reserved.

The judgment of the lower court is reversed with directions for proceedings not inconsistent with this opinion.