Richard WATTS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16300.

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1959.

Rehearing Denied Jan. 22, 1960.

Martin H. Schulman, Tucson, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Mary Anne Reimann, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BONE, BARNES and BAZELON, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a conviction for knowingly and wilfully transporting a stolen automobile in interstate commerce, 18 U.S.C.A. § 2312. Appellant urges reversal on two grounds. He contends that the trial court erred in allowing into evidence a confession he made *after* his arraignment before a United States Commissioner pursuant to Rule 5 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] on the theory that the confession was but a summation of inculpatory statements obtained during an allegedly illegal delay between arrest by state officers and arraignment. And he maintains that the trial judge's dismissal of counsel in the course of trial, pursuant to appellant's own request, was a deprivation of the right to counsel guaranteed by the Sixth Amendment to the Constitution. These contentions seem to us to be wholly devoid of support either in law or in fact.

Appellant, driving an automobile with California license plates, was picked up for speeding by an Arizona state highway patrolman somewhere southeast of Seligman, Arizona. Two other men were in the car. When unable to produce either a driver's license or a registration certificate, appellant was asked to accompany the arresting patrolman to Ashfork, Arizona so that the car could be "checked out." From Ashfork the Federal Bureau of Investigation and the headquarters of the Arizona Highway Patrol were contacted. Both agencies reported that the car appellant was driving had been stolen in California.

At this point in the proceedings appellant declared that the men picked up with him in the car were hitch-hikers and knew nothing about him or the vehicle. Accordingly, these men were released. But a while later, with knowledge that his travelling companions were no longer in custody, appellant told a state officer at the Ashfork jail that one of the so-called hitch-hikers was really the man who had stolen the automobile. This man was apprehended at Flagstaff as soon as possible and brought back to Ashfork. Appellant, however, refused to face him and admitted that the hitch-hiker was not involved. Instead appellant claimed that he had been drinking and couldn't remember how the stolen car had come into his possession.

The record does not indicate the period of time which elapsed between the moment when appellant was accosted for speeding and the time at which he made the last statement mentioned above. It is clear, on the other hand, that appellant made no further statements until he was arraigned before a United States Commissioner the following day. Furthermore, shortly after arraignment appellant made a full confession, admittedly without coercion or duress, of the crime charged.

At trial, after all the evidence was in and prior only to counsel's address to the jury, appellant asked the court to allow him to take over his own defense. His attorney was consequently dismissed. Appellant then chose to make no address to the jury.

We will consider first appellant's contention that he did not intelligently waive his constitutional right to the assistance of counsel. Clearly, an accused may waive counsel and elect to conduct his own defense. See 28 U.S.C.A. § 1654; Duke v. United States, 9 Cir., 255 F.2d 721, 724, certiorari denied, 1958, 357 U.S. 920, 78 S.Ct. 1361, 2 L.

---

[1] The term "arraignment" is used here to designate the initial appearance of the accused before a committing officer. See Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479; Or-field, Proceedings Before the Commissioner in Federal Criminal Procedure, 19 U.Pitt.L.Rev. 489, 504 & nn. 45-48, 538 & n. 332 (1958).

Ed.2d 1365. When he takes such steps voluntarily and intelligently, he will not later be heard to complain that his Sixth Amendment rights have been impaired. Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Michener v. Johnston, 9 Cir., 1944, 141 F.2d 171, 174–175. The burden of proof in showing that a waiver of counsel was not intelligently made rests upon the party contesting the validity of the waiver. See Johnson v. Zerbst, supra, 304 U.S. at pages 468–469, 58 S.Ct. 1019; Michener v. Johnston, supra, 141 F.2d at page 175; cf. Wilken v. Squier, 1957, 50 Wash.2d 58, 309 P.2d 746. Appellant has not met this burden. The trial judge explained to him the responsibilities incurred by a defendant who represents himself, but he would not be deterred. We take note also that when appellant took over his own defense, there was little more to be done in trying the case. He was assuredly not gambling upon his questionable familiarity with the rules of evidence and procedure. We conclude upon the record before us that counsel was intelligently waived.

■ Appellant's reliance upon the Mc-Nabb-Mallory rule—rendering inadmissible in United States courts all evidence obtained by federal officers during an illegal delay between arrest and arraignment, pursuant to Fed.Rule Crim.P. 5 (a)[2]—is misguided. We find it unnecessary to determine whether or not the delay in the present case was too lengthy, remembering that cities in Arizona are many miles apart and that a great deal of the time which elapsed before appellant made his allegedly inculpatory statements was consumed by appellant's own evasive, false accusation of a hitch-hiker.[3] It is also unnecessary to deal with appellant's highly dubious contention that his signed confession, obtained after arraignment, was but a summation of the sketchy statements outlined above which he made before arraignment. Suffice it to say that in the case before us we find no indications of collaboration between state and federal agents. And in the absence of such collaboration, evidence obtained by state officers, even during a delay which would have violated Rule 5(a) if perpetrated by federal agents, is not inadmissible in federal courts under the McNabb-Mallory rule. See Anderson v. United States, 1943, 318 U.S. 350, 356, 63 S.Ct. 599, 87 L.Ed. 829; Brown v. United States, 5 Cir., 1955, 228 F.2d 286, 289, certiorari denied, 1956, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; United States v. Tupper, D.C.W.D.Mo.1958, 168 F.Supp. 907. The only contact between federal and state officers prior to appellant's arraignment in the instant case was the Federal Bureau of Investigation's report to the arresting state patrolman that the car appellant was driving had been stolen in California. This single connection between the state and federal authorities does not amount to the "working agreement" which the Supreme Court has visited with the sanctions of the McNabb-Mallory rule. Anderson v. United States, supra, 318 U.S. at page 356, 63 S.Ct. 599. See also Brown v. United States, supra; White v. United States, 5 Cir., 1952, 200 F.2d 509, 512, certiorari denied, 1953, 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405; United States v. Tupper, supra.

Affirmed.

BAZELON, Circuit Judge (concurring specially in affirmance of the judgment).

I concur in the affirmance of appellant's conviction. I also concur in the court's opinion rejecting appellant's contention that his waiver of his constitutional right to assistance of counsel was

---

**2.** See McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed. 1479; Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100.

**3.** The courts have held that a variety of "circumstances" will justify and legalize a delay which would otherwise be unlawful under Rule 5(a). See Comment, Pre-arraignment Interrogation and the McNabb-Mallory Miasma, 68 Yale L.J. 1003, 1009–1020 (1959).

not given intelligently or voluntarily. But my reasons for rejecting appellant's argument with respect to the McNabb-Mallory rule are different from those relied upon by the court. The point was not raised below and I am unwilling to decide it upon the present record which was not prepared for that purpose. We have discretion, of course, to remand the case for further hearings on the question. But it does not appear from anything presented to us that appellant's claim is of sufficient substance to warrant the exercise of such discretion.

Accordingly, since I think the McNabb-Mallory issue is not available to appellant, I do not consider whether "evidence obtained by state officers, even during a delay which would have violated Rule 5(a) if perpetrated by federal agents, is not admissible in federal courts under the McNabb-Mallory rule." See Hanna v. United States, 1958, 104 U.S.App.D.C. 205, 260 F.2d 723.