**Joseph NANCE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16330.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 5, 1962.

Decided Jan. 25, 1962.

Messrs. John A. Yacovelle, Jr. and Gerald A. Messerman, Washington, D. C., for appellant. Mr. George W. Shadoan, Washington, D. C. (appointed by the District Court), was on the brief for appellant.

Mr. John R. Schmertz, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Charles T. Duncan, Principal Asst. U. S. Atty., and Abbott A. Leban, Arnold T. Aikens, Asst. U. S. Attys., and Mr. Carl W. Belcher, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was convicted of the crime of robbery, and appeals.

The indictment in this case charged appellant with robbing the Roosevelt Hotel, in the District of Columbia. He claims as error (1) the admission of certain words used by him while conducting his own cross-examination of a witness at the preliminary hearing, and (2) the refusal of the trial court to direct a verdict of acquittal.

■ The Government's evidence, even without the statement objected to, was in our opinion more than sufficient to justify the verdict.

Briefly stated, the facts are as follows: In the early morning of December 7, 1960, the night auditor of the Roosevelt Hotel turned, at a noise, and saw a person (later identified as appellant), with a white handkerchief across the lower part of his face and wearing a reddish brown suede jacket, standing a

foot and a half away and holding a revolver in his right hand. He demanded money, reached into the cash drawer and took cash therefrom. He then turned and went out the front door of the hotel, on the Sixteenth Street side. The night auditor noticed that the bridge of the robber's nose was sharp and that the handkerchief came just above the tip of his nose.

As the robber jumped over the counter to make his escape, a bellboy of the hotel saw him and noticed the white handkerchief tied around his face over the tip of his nose. The bellboy further noticed that the robber was wearing a reddish colored jacket and dark trousers.

A house detective saw the robber running through the lobby and removing his mask at the same time. The detective shouted to the robber to halt. At that time the mask was all the way off his face.

The night auditor, the bellboy, and the house detective, all identified appellant as the robber. The detective, who had seen the robber without the mask, picked appellant out of a line-up of eleven colored men.

Another witness called by the Government testified that she overheard appellant telling her husband that he was thinking about "doing a job," that he was thinking about holding up the Roosevelt Hotel, and asked her husband if he wanted to join in with him, to which her husband replied "No." The witness testified that a little later appellant came back to her house and said he had completed the job. She described his attire in the same general way as the three previous witnesses had done.[1]

Approximately two weeks later appellant was arrested and taken to the Robbery Squad office, and was identified as the person who had robbed the hotel on December 7.

Later appellant was taken before the United States Commissioner, who explained to him his right not to answer questions, his right to counsel, and his right to ask questions at the hearing. After the night auditor had testified in chief, appellant proceeded to ask him questions, one of them being the question comprising the first error alleged on his appeal. The question asked was: "How do you know it was me, when I had a handkerchief over my face?" This inculpatory question was introduced by the Government at the trial as an admission by appellant.

The defense was an alibi and a statement made by another witness that he had heard the night auditor state that he could not identify the bandit, which was denied by the night auditor. Appellant and his sister testified that he lived at 73 Tuckerman Street, N. W., but that he had spent the night in question at his sister's house. At no time did either of them communicate this information to the police.

■ We think the statement objected to was properly admitted. The asking of the question was completely voluntary; there was not the slightest compulsion. The weight to be given it, of course, was for the jury. And the fact that appellant was not a lawyer and may have been in unfamiliar surroundings was entirely immaterial. Cf. Mumforde v. United States, 76 U.S.App.D.C. 107, 130 F.2d 411, cert. denied, 317 U.S. 656, 63 S.Ct 53, 87 L.Ed. 527 (1942). And see White v. United States, 200 F.2d 509 (5th Cir. 1952).

So far as the second error alleged by appellant is concerned, there was in our opinion more than sufficient evidence to go to the jury.

The judgment of the District Court is Affirmed.

FAHY, Circuit Judge (dissenting).

I agree that the evidence was sufficient to support the jury verdict of guilty; but the question which the accused asked on cross examination of a

---

1. Defendant attempted to impeach this witness but the effect of the alleged impeachment was for the jury to determine.

witness at the preliminary hearing, "How do you know it was me, when I had a handkerchief over my face?" I think was not an admission. The court allowed it to be put in evidence as an admission, and the prosecution made effective use of it in arguing the case to the jury. If not an admission its use as evidence, which was highly prejudicial, was erroneous. I think it was not an admission because in the context in which it was asked, assuming it was asked in the form stated, which the defendant denied, it should be construed as inquiring how the witness could identify the robber when he had a handkerchief over his face, not as an admission by the defendant that he was the robber.

In my view the case should be retried, for we cannot now say the jury would have reached the verdict it did had this evidence, which I think was erroneously admitted and used, been excluded.