**Joseph Edward NANCE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19471.**

United States Court of Appeals District of Columbia Circuit.

Argued March 7, 1966.

Decided April 8, 1966.

Mr. Charles J. Steele, Washington, D. C., with whom Mr. John J. Carmody, Jr., Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Earl J. Silbert, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge.

Appellant's robbery conviction was affirmed by this court in Nance v. United States, 112 U.S.App.D.C. 38, 299 F.2d 122 (1962). The majority upheld the action of the trial court in admitting in evidence a question asked by appellant at the preliminary hearing. To the night auditor of the Roosevelt Hotel, who had identified appellant as the man who had robbed the hotel while masked with a handkerchief, appellant put this near-historic inquiry: "How do you know it was me, when I had a handkerchief over my face?" This inculpatory question was held admissible as a voluntary admission. The court also noted the identification of appellant by others who had seen him unmasked. Judge Fahy dissented on the ground that the question was properly construed as inquiring how the witness could identify the robber when he had a handkerchief over his face.

Now appellant has filed a motion under 28 U.S.C. § 2255, asserting that his trial rested on a denial of appellant's constitutional rights rendering the judgment vulnerable to collateral attack, in that the Commissioner failed to advise this indigent defendant of his right to assigned counsel at the preliminary examination. With assigned counsel present, claims appellant, the question would not have been asked in such unlawyerlike and improvident fashion. After an evidentiary hearing the District Court concluded that the issues raised cannot serve as a basis for relief under 28 U.S.C. § 2255, and that in any event the records of the case and testimony adduced conclusively show that appellant has failed to carry his burden of establishing his right to relief.

Appellant's counsel put his plight plausibly and it may be that the matter, if now put to us on direct appeal, would result in relief, albeit on statutory rather than constitutional grounds. Compare Dancy v. United States, 124 U.S.App.D.C. ——, 361 F.2d 75, October 14, 1965, modified February 11, 1966; Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965). But appellant has a considerably more difficult task. He must establish that the lack of assigned counsel at preliminary hearing was a denial of his constitutional rights. Such a contention is, to say the least, weakened by these findings of the District Court on the hearing under § 2255: The star-crossed preliminary examination of December 8, 1960, at which the now celebrated question was asked, had been continued from a session held November 26, 1960, at the request of appellant. Appellant, who made no representation that he was indigent, requested a postponement so that he could employ counsel. Appellant was advised of his right to cross-examine witnesses and to introduce witnesses, and was also advised that he need not make a statement and that any statement he made might be used against him. When appellant reappeared December 8, 1960, without counsel, he made no representation that he was indigent, and represented himself at the preliminary hearing.

Appellant must further establish that the denial of constitutional rights, if any,

can be assailed even after the judgment has become final. In some other situations the Supreme Court has declined to give newly-won or newly-announced constitutional rights a retrospective application to reopen judgments that have already become final. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). If there is a constitutional right to counsel at preliminary hearing, the question arises whether it stands on the same footing in this respect as right to counsel at the trial and on appeal.

We hold there is no constitutional right of counsel at preliminary examination which must be given retrospective application, in the form of collateral attack on a final judgment, at the instance of a defendant who made no representation of indigency, and whose claim of prejudice from lack of counsel lies in his making of a voluntary statement not elicited by questions of Government officials.

Affirmed.

See also 121 U.S.App.D.C. 350, 350 F.2d 728.

Mr. Michael D. Padnos, Washington, D. C., with whom Mr. Lawrence Speiser, Washington, D. C., was on the brief, for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Messrs. David C. Acheson, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., and John R. Kramer, Asst. U. S. Atty. at the time the brief was filed, were on the brief for the United States as amicus curiae.