**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Garrett Brock TRAPNELL,**
**Defendant-Appellant.**

No. 74–2122.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1975.

Ronald M. Sinoway (argued), San Francisco, Cal., for defendant-appellant.

Darrell MacIntyre, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and WALLACE, Circuit Judges and JAMESON, District Judge.*

## OPINION

**PER CURIAM:**

Following a trial by jury, appellant was convicted of conspiring to kidnap a foreign official in violation of 18 U.S.C. §§ 1201(a)(4) and 1201(c).[1] The appellant was permitted to represent himself, although the court, pursuant to appellant's request, appointed an attorney advisor to assist appellant during the trial.[2] Appellant's sole contention on appeal is that the court erred in failing to assist him during the course of the trial.

This court has held that a defendant's right to proceed *pro se* is a "right of constitutional dimension". United States v. Price, 474 F.2d 1223, 1226 (1973). This right may not be denied because the defendant "lacks expertise or professional capabilities". *Id.* at 1227. The trial court is concerned only with the question of whether the defendant has the "capacity to decide intelligently and to understand what he is doing, i. e. can the defendant made a valid waiver of his right to counsel?" *Id.* The court has the obligation to address the accused personally and determine on the record "that the demand to . . . proceed *pro se* is competently and intelligently made with understanding of the nature of the charge and the penalties involved". United States v. Dujanovic, 486 F.2d 182, 186 (9 Cir. 1973).

Appellant does not contend that he did not make a competent, voluntary, and intelligent waiver of his right to counsel,[3] but rather that "in order to

---

* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. The appellant was tried separately. Two other co-defendants pleaded guilty to a lesser offense.

2. Appellant's court-appointed advisor was given permission to make objections for the appellant during the trial.

3. In requesting permission to represent himself, appellant advised the court that he had appeared *pro se* on two occasions in the East-

ensure that (he) received a fair trial, the court had a duty to intercede and assist both appellant and the jury".

Appellant's defense was that the Government's chief witness, an F.B.I. undercover informant, fabricated the appellant's involvement in the alleged conspiracy. Appellant attempted to establish that the informant was a known felon who had constructed a story against appellant in order "to con the United States Government out of $1,000". Throughout appellant's cross-examination of the informant and other witnesses, the court sustained objections to appellant's questions. Unable to elicit the desired testimony, appellant shifted to some other subject. Appellant contends that the trial court had a constitutional responsibility to intercede for him and elicit testimony when he, as the result objections from opposing counsel, was unable to do so. If that duty does not exist, appellant urges this court to fashion a new judicial standard which would require a trial judge to assist a defendant in a case of this nature.[4]

▮▮▮ The trial judge is charged with the responsibility of conducting the trial as impartially and fairly as possible. As noted by this court in Smith v. United States, 305 F.2d 197, 205, cert. denied, 371 U.S. 890, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962), "a federal trial judge . . . is more than a moderator or umpire. He has the responsibility to preside in such a way as to promote a fair and expeditious development of the facts unencumbered by irrelevancies." Thus, the trial judge may question a witness if he deems it necessary to clarify a matter or to more fully develop the facts for the benefit of the jury.

▮▮▮ While the trial judge has a broad discretion with respect to his interrogation of witnesses, he must always be sensitive to his role as judge and the fact that in the eyes of the jury he "occupies a position of preeminence and special persuasiveness" and accordingly "be assiduous in performing his function as governor of the trial dispassionately, fairly and impartially". United States v. Cassiagnol, 420 F.2d 868, 879 (4 Cir. 1970), cert. denied, 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654, citing Pollard v. Fennell, 400 F.2d 421, 424 (4 Cir. 1968).

▮▮▮ For the trial judge to assume the responsibility of examining witnesses for either party would change the judicial role from one of impartiality to one of advocacy. The fact that a defendant represents himself does not alter the judicial role nor does it impose any new obligation on the trial judge. The defendant under those circumstances must assume the responsibility for his inability to elicit testimony. As stated by this court in United States v. Dujanovic, *supra*, 486 F.2d at 188, " . . . one of the penalties of the appellant's self-representation is that he is bound by his own acts and conduct and held to his record". A defendant representing himself cannot be heard to complain that his Sixth Amendment rights have been violated. Watts v. United States, 273 F.2d 10, 11–12 (9 Cir. 1959), cert. denied, 362 U.S. 982, 80 S.Ct. 1069, 4 L.Ed.2d 1017 (1960).

ern District of New York and was representing himself at that time before the Court of Appeals for the Second Circuit. Stressing the seriousness of the charge against him, the court questioned appellant with respect to his knowledge of court rules and procedures and cautioned him that he would be subject to those rules and procedures just as any attorney would be. Appellant assured the court that he understood the rules and procedures. It is clear from the record that appellant made a voluntary and intelligent waiver of his right to counsel.

4. The only authority cited by appellant in support of his contention that a trial judge has an obligation to assist a defendant in the examination of witnesses when defendant is representing himself is Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In *Haines* the Court held that in a suit brought under the Civil Rights Act, 42 U.S.C. § 1983, allegations of a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by attorneys. Appellant urges this court to extend the rationale of *Haines* to impose a stricter standard on trial judges in *pro se* situations to assure that the facts are fully and fairly developed.

An examination of the transcript of the trial reveals that appellant did a surprisingly competent job of examining witnesses and presenting his case to the jury. In many of the instances when objections were sustained to his questions, appellant was attempting to introduce inadmissible evidence. Most of the objections were based on relevancy rather than the form of the question. With respect to appellant's inability to phrase some questions properly, we note that appellant had a court-appointed advisor whom he could have called upon for assistance.[5] We find no abuse of discretion in the trial court's failure to assist the appellant in the cross-examination of witnesses.

Affirmed.

5. Appellant concedes that the direct examination of the informant "seems to have been adequately challenged" by appellant's advisory counsel, but argues "there was no realistic manner by which appellant could receive assistance" during cross-examination.