37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis A. VAZQUEZ-DIAZ, Defendant-Appellant.
 No. 93-10301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Oct. 12, 1994.
 
 Before: SNEED, PREGERSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Luis Vazquez-Diaz appeals his jury conviction for importation of and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 952(a) and 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On July 14, 1992, Appellant Luis Vazquez-Diaz entered the United States at the Sasabe Port of Entry driving a pick-up truck. Customs inspectors noticed that the bolt heads underneath the truck appeared to have been tampered with, and that there was a great deal of mud on the gas tanks but no mud on the rest of the vehicle. A closer inspection revealed that a fiberglass putty known as "bondo" had been placed on top of the tanks. Such tampering usually indicates the presence of trap doors and hidden compartments. Agents then drilled into the tank, and withdrew a drill bit containing a powdery substance that field tested positive for cocaine. The agents then dropped the gas tanks, and discovered several layers of bondo on the tanks, which indicated to them that the trap door had been taken off and re-fastened numerous times. Inside each tank, the agents found twelve kilosize packages of cocaine. The agents also observed that the electrical leads to the right gas tank had been disconnected, rendering the right gas gauge inoperable, and that the leads were only partially connected to the left gas tank.
 
 
 4
 The agents then handcuffed Vazquez-Diaz to a chair and read him his Miranda rights in Spanish. Upon questioning, Vazquez-Diaz told customs agents the following: He had borrowed the truck from his nephew to haul lumber, which he planned to purchase in Tucson. He had filled the right fuel tank when he arrived in Sasabe. He noticed that the gauge indicated that the right tank was three-fourths full, and after the gas attendant pumped in approximately five gallons, the gauge indicated that the tank was full. He used the right tank because his nephew instructed him that the left tank was broken, and he filled up the tank because he did not want to refuel in the United States, where gasoline is more expensive. He was going to Tucson to have a tire repaired at the Pep Boys, purchase lumber at Payless Cashways, and purchase clothes and eat lunch at K-Mart. Upon further questioning, Vazquez-Diaz stated that he also planned to spend the night at the EZ 8 Motel and bring his brother some cheese, even though he knew his brother was out of town.
 
 
 5
 The agents searched Vazquez-Diaz and the truck, and found several visas and receipts, some of which matched his account of his previous visits to the United States. A records check revealed that each time Vazquez-Diaz entered the United States, he did so in his nephew's truck.
 
 
 6
 On February 4, 1993, following a jury trial in the United States District Court for the District of Arizona, Vazquez-Diaz was convicted of importation of and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 952(a) and 841(a)(1). The district court entered its judgment on April 21, 1993, and sentenced him to 151 months of imprisonment. Vazquez-Diaz now appeals.
 
 ANALYSIS
 1. Sufficiency of the Evidence
 
 7
 We must sustain a conviction if " 'after reviewing the evidence in the light most favorable to the prosecution, [we conclude that] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " U.S. v. Bishop, 959 F.2d 820, 829 (9th Cir.1992), citing Jackson v. Virginia, 443 U.S. 307, 319 (1979). The reviewing court must respect the exclusive province of the jury to determine the credibility of witnesses and to resolve evidentiary conflicts, and it must assume that the jury resolved all conflicts in favor of the verdict. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 8
 To prove that Vazquez-Diaz knowingly possessed cocaine with the intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1), the government must establish that he (1) knowingly (2) possessed the drug (3) with the intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.1987), cert. denied, 481 U.S. 1023 (1987). Possession may be constructive, and may be demonstrated by direct or circumstantial evidence that the defendant had the power to dispose of the drug. U.S. v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986); U.S. v. Amaro, 422 F.2d 1078, 1080 (9th Cir.1970). The defendant's knowledge can be inferred from the fact that he was the driver of a vehicle laden with contraband. U.S. v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976).[1] However, the government must proffer evidence connecting the defendant with the contraband other than presence in the vehicle. U.S. v. Ramos, 476 F.2d 624, 625 (9th Cir.1973), cert. denied, 414 U.S. 836 (1973). See also U.S. v. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir.1992).
 
 
 9
 We conclude that a reasonable fact-finder could find Vazquez-Diaz guilty of knowledge and possession under Sec. 841(a)(1). The government produced sufficient circumstantial evidence to support the conviction. Vazquez-Diaz told customs agents that he filled up the right tank because the gauge indicated that it was three-fourths full. Yet, the right gas gauge was not functioning. Moreover, three-fourths of a tank of gasoline should have been more than enough gasoline for Vazquez-Diaz to reach his destination, unless he somehow knew that the tank was occupied by contraband instead of gasoline. Receipts in Vazquez-Diaz' name from the Pep Boys and the EZ 8 Motel contained incorrect vehicle license numbers and incorrect personal driver's license numbers.
 
 
 10
 In addition, the government revealed inconsistencies in Vazquez-Diaz' testimony and in the answers he gave the customs agents. Vazquez-Diaz told the agents that he had used his nephew's truck only one time six months prior to the date of his arrest to haul lumber. But the receipt from the lumber store was dated only one month prior to the date of his arrest. He told the agents that he was only making three stops in Tucson, but upon further questioning, he stated that he was also planning to spend the night in a motel and bring cheese to his brother. Finally, Vazquez-Diaz could not give any explanation for why his nephew would entrust him to drive across the border a truck containing cocaine valued at half a million dollars.
 
 
 11
 Disbelief of a defendant's own testimony may provide at least a partial basis for a jury's conclusion that the opposite of the testimony is the truth. But there must also be other objective evidence on the record which buttresses the fact-finder's drawing of the opposite inference. U.S. v. Martinez, 514 F.2d 334, 341 (9th Cir.1975). We conclude that the inconsistencies in Vazquez-Diaz' story coupled with the government's other evidence provided sufficient basis for the jury to convict him.
 
 2. Propriety of Trial Court's Questions
 
 12
 Vazquez-Diaz contends that he was denied his right to a fair trial because the trial court asked the witnesses prejudicial questions. As a threshold matter, Fed.R.Evid. 614(c) requires counsel to object to judicial questioning at the time of the questioning or at the next available opportunity when the jury is not present. Since Vazquez-Diaz' counsel did not object to the questioning at the trial, we review the questioning for plain error. U.S. v. Dischner, 974 F.2d 1502, 1513 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); Fed.R.Crim.P. 52(b). We do not find that the trial court committed plain error. The discretion of the court to interrogate witnesses under Fed.R.Evid. 614(b) is broad, but the judge must do so "dispassionately, fairly, and impartially." U.S. v. Trapnell, 512 F.2d 10, 12 (9th Cir.1975).[2]
 
 
 13
 The questions that the trial court asked fell well within this standard. The court's question to the customs agent regarding the capacity of the gasoline tanks did not evoke any incriminating evidence, but rather informed the jury of the relative proportion of gasoline and cocaine in the tanks. The court's question to Vazquez-Diaz of why his nephew would loan him a vehicle laden with contraband simply gave Vazquez-Diaz an opportunity to provide potentially exculpatory evidence such as a conceivable reason for his predicament.
 
 3. Ineffective Assistance of Counsel
 
 14
 We do not consider the merits of Vazquez-Diaz' claim of ineffective assistance of counsel because he should bring this claim in a collateral proceeding under 28 U.S.C. Sec. 2255. U.S. v. Miskinis, 966 F.2d 1263, 1269 (9th Cir.1992).
 
 
 15
 4. Admission of Potentially Prejudicial Evidence
 
 
 16
 Finally, Vazquez-Diaz contends that the trial court improperly admitted prejudicial evidence. We review the district court's decision balancing the probative value of evidence against its prejudicial effect for abuse of discretion. U.S. v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). We find that the trial court did not abuse its discretion in allowing a government witness to testify about the nature of the drug trade.
 
 
 17
 First, the lucrative and risky nature of the trade helped to explain the unlikelihood of an unwitting participant. Second, given that the high profitability of the drug trade is commonly known, any prejudice the testimony may have had would be marginal, and in any event, was outweighed by its probative value. See U.S. v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992) (upholding admission of testimony that a large amount of cocaine would never be entrusted to an unknowing dupe because of the high costs), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This rule is based upon the thought that the driver exercises dominion and control over his vehicle. U.S. v. Martinez, 514 F.2d 334, 338 (9th Cir.1975)
 
 
 [2]
 For example, the trial court may properly examine witnesses to clarify the evidence, control the orderly presentation of the evidence, confine counsel to evidentiary rulings, and prevent undue repetition of testimony. U.S. v. Malcolm, 475 F.2d 420, 427 (9th Cir.1973)