Rico J. ALVAREZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17625.

United States Court of Appeals Fifth Circuit.

March 4, 1960.

Wellington Y. Chew, El Paso, Tex., for appellant.

James E. Hammond, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Rico J. Alvarez, and his co-defendant, Ernest James Thompson, were charged jointly by an information in three counts with narcotics violations. Thompson entered a plea of guilty to one count and not guilty as to the others. The appellant entered a not guilty plea as to all counts. The defendants were tried together. During the trial the Government dismissed one count. Verdicts of guilty were returned. The appellant, who had been previously convicted on a narcotics charge, was given a ten-year sentence on each of the two counts on which he was convicted, with the sentences to run concurrently. Thompson did not appeal. We here consider the appeal of Alvarez. He urges that marked money introduced in evidence over his objection was taken from his person by an unlawful search; that the confession of his co-defendant made before trial was improperly admitted in evidence; that the evidence was insufficient to sustain a conviction; and that the instructions to the jury were in various respects erroneous. Of these questions, the first is pressed with the most vigor.

The appellant operated a restaurant in El Paso, Texas. He was no stranger to the marihuana traffic. He was suspected of engaging in such activity and was followed and watched by agents of the United States Customs Service for an interval of about two weeks during October, 1958. Two automobiles were used during this period by Alvarez and his co-defendant Thompson, one a Chevrolet and the other a Cadillac, and these were regularly parked behind the restaurant when not in use. A customs agent employed one John Foster to assist in the detection of the defendant Alvarez. Foster knew Alvarez and had previously procured marihuana from him. On October 21, 1958, Foster arranged for the purchase of marihuana from Alvarez and paid him with two marked $50 bills. Around three o'clock in the afternoon Alvarez came from the cafe and got in the Chevrolet which he backed down the alley and into a lot where the observing agent could not see him. About five minutes later he drove back to the rear of the cafe, and parked the car. The Cadillac came up about the same time. Thompson and another, who was later identified as Foster, drove away in the Chevrolet. They were followed by Customs Agent Latimer in a Government car. The Chevrolet, followed by Latimer, proceeded through El Paso and on a highway leading southeast from that city. Latimer, seeing the Cadillac behind him summoned other agents. The Cadillac was stopped, Alvarez was alone in it. It was about four o'clock. Alvarez was searched and the two marked bills were taken from him. Latimer left other agents searching the Cadillac and he renewed his efforts to get the Chevrolet in view. He came up to it at a bus stop in the town of Fabens and there he watched it and those who had been its occupants for over an hour. The Chevrolet, with Thompson driving, started back to El Paso. Foster had left the scene. The agents stopped the Chevrolet and made a search of it and of Thompson. Two pounds of marihuana were found in paper bags in the trunk of the Chevrolet. Thompson was placed under arrest. So also was Alvarez.

Alvarez asserts error in the admission in evidence against him of the marked money and the marihuana on the ground that the searches yielding this evidence were unlawful. In 1956 Congress provided that customs officers and others may

* "Make arrests without warrant for violations of any law of the United States relating to narcotic drugs (as defined in section 4731) or marihuana (as defined in section 4761) where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation." 70 Stat. 570, 26 U.S.C.A. (I.R.C.1954) § 7607.

Under the facts here present there were ample grounds for the arrests and for the searches and seizures incident to the arrests. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Dailey v. United States, 5 Cir., 1958, 261 F.2d 870, certiorari denied 359 U.S. 969, 79 S.Ct. 881, 3 L.Ed.2d 836; United States v. Kancso, 2 Cir., 1958, 252 F.2d 220. The appellant complains of a delay of two hours after he was stopped on the highway before he was arrested or searched. There was no unreasonable delay. The statute does not impose limits of time and the courts will not interpolate such a limit. Dailey v. United States, supra. The rules applicable to the search of a dwelling do not apply in the case of an automobile on a highway. 4 Wharton, Criminal Law and Procedure, 146 et seq. § 1537. Where the arrest is lawful the officer may seize money from the person arrested if it has evidentiary value to prove the crime. 4 Wharton, Criminal Law and Procedure 153, § 1538.

■■ The appellant Alvarez asserts error and prejudice in the admission of testimony of a customs agent as to statements made by Thompson outside of the presence of Alvarez. When this testimony started coming in counsel for Alvarez did not object but did ask the court to instruct the jury to disregard the statement as against Alvarez. The court then instructed the jury to disregard what Thompson said to the witness in so far as it concerned Alvarez after Thompson had testified his confession was offered by the Government to impeach his testimony. The appellant Al-

varez now urges that this confession was prejudicial to him and its admission as evidence was error. Before the confession was read the court told the jury that they were not to consider the statement in any respect in so far as it might affect Alvarez. In the instructions of the court submitting the case to the jury the court again charged that any admissions or incriminating statements of Thompson would not be considered against Alvarez. The admissions and statements of Thompson were admissible against him. Statements such as those in this case are properly admitted in evidence on the trial of the person making them, although such person is being jointly tried with another, if the statements are carefully and clearly limited by the court at the time of their admission and the jury is instructed as to such declarations and the limits put upon them. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593, rehearing denied 345 U.S. 919, 73 S.Ct. 726, 97 L.Ed. 1352; Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101. The cases of Mora v. United States, 5 Cir., 1951, 190 F.2d 749, and Belvin v. United States, 5 Cir., 1960, 273 F.2d 583, are distinguished by factual differences. The district court limited the purpose for which the statements were admitted and properly instructed the jury. No error was committed.

■ The attorney for Alvarez announced that there were no exceptions to the court's charge to the jury. No instructions were requested by him. He now asserts that errors were made in the instructions given and in those omitted. As this Court has before said, we say here:

"The appellant makes several contentions of error as to the court's oral charge. We think the charge was eminently fair and consistent with the testimony in this case. We forego detailed discussions of the appellant's contentions because no objection was made to the oral charge before the jury retired and no written requested charges were

submitted. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part that 'no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.'" White v. United States, 5 Cir., 1952, 200 F.2d 509, 513–514; 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405, rehearing denied 346 U.S. 843, 74 S.Ct. 17, 98 L.Ed. 363. See Allen v. United States, 5 Cir., 1959, 271 F.2d 226.

We find no error in the record and the judgment is

Affirmed.