Arthur Eugene **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25225.

United States Court of Appeals
Fifth Circuit.

May 21, 1968.

**822**

H. Garland Head, III, Atlanta, Ga., for appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Appellant was convicted on June 27, 1967, on both counts of a two-count indictment. Count One charged appellant with robbery of a federally insured bank in violation of Title 18, U.S.C. Sec. 2113 (a). Count Two charged appellant with interstate transportation of a stolen motor vehicle in violation of Title 18, U.S.C. Sec. 2312. The appellant raises two points on this appeal: (1) insufficiency of the evidence to support a conviction on Count Two, and (2) the allegedly erroneous admission into evidence of the statement of his co-defendant William Homer Flatman. We affirm.

The first argument of appellant with reference to point (1) above is that the government was obligated to bring forth a witness at the trial to refute appellant's story that a man known only to appellant as "Fox" had represented himself as an agent of the C.I.A., and had authorized appellant's possession of the stolen vehicle. Appellant argues that the jury was bound to accept this story if it stood uncontradicted by the government, the only party capable of refuting its truthfulness. II Wigmore on Evidence, Sec. 292. To the contrary, failure to call a witness whose testimony would elucidate facts in issue creates merely an *inference* the jury is permitted to draw, but one the jury obviously chose not to draw in the present case. United States v. D'Angiolillo, 2 Cir. 1965, 340 F.2d 453; cert. den. 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972; Schumacher v. United States, 8 Cir. 1954, 216 F.2d 780, cert. den. 348 U.S. 951, 75 S.Ct. 439, 99 L.Ed. 743 (1955). Failure to deny the story does not establish its truth as a matter of law.

Appellant's unexplained possession of recently stolen property supports the conclusion that appellant knew the vehicle was stolen. Nicholson v. United States, 5 Cir. 1966, 355 F.2d 80; Herman v. United States, 5 Cir. 1961, 289 F.2d 362; Barfield v. United States, 5 Cir. 1956, 229 F.2d 936.

The final contention of appellant is that the statement of co-defendant Flatman should not have been admitted. Flatman's statement, taken shortly after his arrest, implicated appellant. Flatman entered a plea of guilty and was sentenced before appellant's trial. At apellant's trial Flatman, who at that point had nothing to lose, testified that appellant knew nothing of the robbery plans. The government had Flatman's prior inconsistent statement admitted into evidence for the limited purpose of impeaching Flatman. Of course, the statement necessarily implicated appellant, but the court instructed the jury that the statement was being admitted for the limited purposes of impeachment. We find no error here. Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1956); Alvarez v. United States, 5 Cir. 1960, 275 F.2d 299; Stanley v. United States, 4 Cir. 1956, 238 F.2d 427; 23 C.J.S. Criminal Law § 814, p. 149.

Affirmed.