**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Troy Elmo POINDEXTER, Defendant-Appellant.**

**No. 29143**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 13, 1970.

John E. Fitzgibbon, Tom N. Goodwin, Laredo, Tex., for defendant-appellant Poindexter.

Marvin Foster, Jr., Corpus Christi, Tex., for George Bullard.

Anthony J. P. Farris, U. S. Atty., Malcolm R. Dimmitt and James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

We review on direct appeal [1] Troy Elmo Poindexter's conviction and sentence to ten years confinement [2] for conspiracy to smuggle eight and one-half pounds of marihuana into the United States from Mexico. The appellant was indicted for conspiracy together with George Bullard and Leonard W. Henson, but was tried alone. Three substantive charges arising from the same transaction were withdrawn from the jury by the court. The appellant offered no evidence at trial but rested following the conclusion of the prosecution's case in chief.

Two principal questions are presented on appeal: (a) Was the trial court justified in overruling the motion to suppress the evidence in the case, and (b) Was the evidence sufficient to support Poindexter's conviction for conspiracy? We find both contentions to be without merit and affirm.

A joint motion to suppress evidence was made on behalf of Poindexter and Bullard, and was overruled by the trial court.[3]

1. Pursuant to our Rule 18 this case is decided without argument.

2. As a second offender under the sentencing provisions of Title 21, U.S.C., Section 176a.

3. We quote from the trial judge's opinion-order:

"Bullard and Poindexter contend that the search of their vehicle was illegal because it was not based upon probable cause. However, this contention ignores a basic distinction in the law. Customs searches near the border are on a different footing from those conducted in the interior and unrelated to the importation of contraband. Boyd v. United States, 116 U.S. 616 [6 S.Ct. 524, 29 L.Ed. 746] (1886). Customs officials may search vehicles for contraband, even in the absence of probable cause, as long as there is reason to suspect contraband will be found. Valadez v. United States, 358 F.2d 721 (5th Cir. 1966). In determining the validity of the present search, it is relevant to recap the totality of the surrounding circumstances known to the customs agents.

"A red Plymouth far from home (Nebraska) was in Laredo, Texas, on two occasions, five days apart. On the first occasion (at the Laredo International Bridge) marihuana seeds were found in the vehicle. The surveillance that followed indicated, to experienced customs agents, that an effort was made to pick up smuggled contraband. Although the effort was apparently unsuccessful (a search of the vehicle was negative), it was obvious to all that the vehicle was under suspicion. Thus, it

As pointed out by this Court in Thomas v. United States, 5 Cir. 1967, 372 F.2d 252, customs agents have statutory authority to stop and search persons or vehicles on which or whom they suspect there is contraband which has been introduced into the United States contrary to law.[4] The statute is subject to no express limitations of time or distance, stating that the officers "may stop, search, and examine, as well without as within their respective districts". This broad grant is of course subject to the constitutional requirement that the search be reasonable, but the search in the case at bar clearly qualified as a reasonable search. In addition to numerous suspicious circumstances, the automobile in question, which had returned to the border after having once departed for the interior, was being driven parallel to the border and in the course of its journey was observed by the officers being driven to a lonely place off the highway which was notorious as a pickup point for smuggled narcotics. The attendant circumstances here presented a classic case for a customs border search based upon reasonable suspicion. As we pointed out in Thomas, supra:

"It is common knowledge that large quantities of narcotics are smuggled across the Mexican border daily. See United States v. Rodriguez, 195 F. Supp. 513, 516 (S.D.Tex. 1960), aff'd 292 F.2d 709 (5th Cir. 1961)." Footnote 4, 372 F.2d at page 254.

The contention that the search in question was unreasonable is clearly without merit.

With reference to the second question raised, that is whether the evidence was sufficient to support Poindexter's conviction, the nature of the offense of which Poindexter was convicted should be emphasized. The charge was conspiracy, proof of which customarily depends upon the surrounding circumstances. Here the circumstances were numerous and suspicious, and the defendant's post-arrest statement shows him to have entered into the conspiracy by expressly agreeing to it. Proof was present also of the commission of a number of the overt acts charged in the indictment. Nothing more was required. Also without substance is the labored attempt of the appellant in his brief to control the weight to be given to particular parts of his post-arrest statement to the customs agent by dividing that statement into "inculpatory" and "exculpatory" statements. We conclude that the evidence amply supported Poindexter's conviction.

The judgment below is
Affirmed.

is not surprising that Henson attempted, by deceit, to disassociate himself from the vehicle on his second trip across the border. In any event, Henson's attempt failed and only served, once again, to focus suspicion on the red Plymouth. Such suspicion was later confirmed, no doubt, by the vehicle's erratic and circuitous journey along the border, where it was entirely possible that a hurried stop for contraband was made. Under these circumstances, there was every reason to suspect this vehicle was being used to smuggle contraband.

"Furthermore, the search occurred within reasonable proximity to the border; coming as it did within a few miles of, and shorty after the vehicle turned away from, the border. Willis v. United States, 370 F.2d 604 (5th Cir. 1966).

"Bullard and Poindexter also contend that they were the victims of an illegal arrest and therefore move to suppress the statements made at the time of their arrest. This contention is also without merit. The vehicle was legally stopped and the customs agents were rightfully present when the vehicle was searched. Upon finding the contraband, it was apparent to Agent Pardane that a felony had been committed in his presence, and he was therefore duty bound to arrest these defendants. Alvarez v. United States, 275 F.2d 299 (5th Cir. 1960)." (R. 209–211)

4. Title 19 U.S.C., Section 482.