**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Don Garriga CHAPMAN, Defendant-Appellant.**

**No. 30168**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1970.

Rehearing Denied Feb. 4, 1971.

* ▆ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Tom Gilmān, Tallahassee, Fla. (Ct. Apptd.), for appellant.

Stewart J. Carrouth, Asst. U. S. Atty., William Stafford, U. S. Atty., Tallahassee, Fla., for appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

DYER, Circuit Judge:

From a judgment entered on a jury conviction for violating 18 U.S.C.A. § 2113(a),[1] Chapman appeals. We focus on two errors which he asserts: First, that the trial judge erroneously permitted the prosecuting attorney to elicit from a witness that Chapman said nothing at the time of apprehension; second, that the lower court erroneously permitted the prosecuting attorney to cross-examine Chapman as to his failure to call his companions during the night of the alleged crime as witnesses. We affirm.

A city patrolman arriving at the Parkway National Bank where he had been directed to go heard a scraping noise in the stairwell behind the bank. He then saw Chapman removing a crowbar from the door. Chapman attempted to hide by crouching in the corner of the stairwell and the patrolman arrested him.

During the trial, after the patrolman related what occurred, the prosecuting attorney asked whether Chapman said anything immediately after the arrest. The officer replied in the negative. Defense counsel's objection to the inquiry was overruled.

1. The indictment charged Chapman with attempting to enter a federal banking institution to take money therefrom.

■ Whether testimony as to the accused's silence is prejudicial must be considered in the factual context of each case. Here Chapman objects to a single question requiring merely a yes or no answer—to which the prosecutor offered no comment. Under these circumstances neither the question nor its answer infringed Chapman's fifth amendment rights. Cf. United States v. Pridgen, 5 Cir. 1970, 435 F.2d 152. Defense counsel's assertion that the question propounded at the trial necessitated an explanation of the accused's presence at the bank is without merit.

Chapman testified on his own behalf. He contended that two companions had borrowed his car, which was found in the vicinity of the bank, and claimed that they must have used his crowbar in an attempt to enter the bank: it was thus happenstance, Chapman claims, that he was apprehended at a basement entrance to the bank with a crowbar in his hands. After completion of direct and cross-examination, and after a short recess, defense counsel recalled Chapman to the stand "for one question before I rest." He asked whether the two companions were in the hall outside during the recess. Chapman answered affirmatively. The prosecutor then asked Chapman whether he had subpoenaed the two boys; there was a negative response. Chapman was then asked whether he would like to have them made available. Defense counsel objected. The trial judge immediately told the jury that if there were any witnesses in the courtroom either the Government or the Defendant had the right to call them. In their closing arguments, both counsel alluded to the fact that the other side had not called these witnesses and concluded that this buttressed their positions.

On appeal, Chapman argues that the prosecutor's cross-examination and closing argument could have only one implication: Chapman did not wish to call these men, whom the Government had subpoenaed but did not use, because they would refute his testimony. He contends that the District Judge erred in allowing the prosecutor to leave this impression with the jury.

■■ The long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible. McClanahan v. United States, 5 Cir. 1956, 230 F.2d 919, 925, cert. denied, 1956, 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47. However, mere physical presence at the trial or accessibility for service of a subpoena does not determine a potential witness's availability. Rather, his availability may well depend, among other things, upon his relationship to one or the other of the parties, and the nature of the testimony that he might be expected to give. Id. at 926. When a witness is controlled by one party, failure to call the witness, if his testimony would elucidate facts in issue, creates an inference which the jury is permitted to draw against that party. See Williams v. United States, 5 Cir. 1968, 394 F.2d 821, 822, cert. denied, 1968, 393 U.S. 890, 89 S.Ct. 211, 21 L. Ed.2d 169; Gass v. United States, 1969, 135 U.S.App.D.C. 11, 416 F.2d 767, 775 and n. 43.

Clearly, in the instant case, the potential witnesses were "available" to neither party. It is true that they were in the vicinity of the courtroom, and the Government or Chapman could have compelled them to answer a subpoena or appear as witnesses. Nevertheless, Chapman has not established that their testimony would have aided the Government or elucidated the facts in issue. Even though the Government had subpoenaed Chapman's companions, it could not be certain that they would support the prosecution. There is no indication, or allegation, that the Government had agreed to shield these boys from future criminal charges alleging conspiracy to enter the bank. Consequently, if compelled to appear as the result of subpoenas, Chapman's companions might merely have invoked the fifth amendment, protecting their own interests but possibly weakening the Government's case.

Likewise, Chapman cannot be faulted for failing to call these witnesses, since their interests were truly adverse to his. If Chapman had called his companions as witnesses, they would have had to invoke the fifth amendment or admit guilt to lend credence to his story. However, the prosecution's offer to make these witnesses available to Chapman was the natural response to defense counsel's improper questioning.

■ To summarize, neither party was entitled to an inference regarding failure of Chapman's companions to testify. In view of defense counsel's effort to create an inference, the prosecution's *quid pro quo* justification for offering, in the jury's presence, to make these men available to Chapman is reasonable. In the context of this case, any errors committed counter-balance and cancel each other. See Fed.R.Crim.P. 52(a). Moreover, impropriety with respect to a single inference should not have controlled, or changed, the jury's verdict here.

Affirmed.