**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**George BULLARD, Defendant-Appellant.**

**No. 71-3358**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 21, 1972.

Rehearing Denied June 9, 1972.

Edward S. Koppman (Court Appointed), Dallas, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Edward B. McDonough, Jr., and James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant George Bullard was tried without a jury and convicted of transporting and facilitating the transportation and concealment of marihuana, knowing the same to have been imported into the United States contrary to law, in violation of 21 U.S.C. § 176a. The only issue presented on appeal is whether there was sufficient evidence to show that appellant had the requisite knowledge that the marihuana had been illegally imported. After having reviewed the record and the grounds urged by appellant for reversal, we find no error by the District Court.

Appellant Bullard, Troy Elmo Poindexter and another were jointly indicted on the following counts in violating the

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company

of New York, et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

law in respect to 8¼ pounds of marihuana: smuggling, transportation and concealment after unlawful importation, and conspiracy, all in violation of 21 U.S.C. § 176a, and failure to pay the transfer tax imposed by 26 U.S.C. § 4744(a) (2). A joint motion by Bullard and Poindexter to suppress the evidence was denied. Poindexter was subsequently tried by a jury which found him guilty of the conspiracy charge. Poindexter appealed, alleging insufficiency of the evidence to support a conviction and error of the court in overruling the motion to suppress. We found both contentions to be without merit and affirmed. See United States v. Poindexter, 5 Cir., 1970, 429 F.2d 510.

Appellant Bullard elected to be tried by the District Judge, who found him guilty of the transportation count and dismissed the remaining counts. In accordance with a stipulation entered into by appellant and the Government, the District Judge, at the trial of appellant, considered the evidence admitted in the Poindexter trial, with the exception of a statement made by Poindexter deemed to be inculpatory against appellant. Based on the stipulated evidence, the District Court made the following pertinent findings and conclusions:

"The undisputed evidence is that on June 8, 1969, a 1968 Plymouth Fury was followed by Customs Agents from Laredo, Texas, to Zapata, Texas. At Zapata, the vehicle turned to the northeast, in an almost opposite direction from which it came, and proceeded a few miles before it was stopped and searched. George Bullard, the defendant, was identified as the driver. A sack containing 8¼ pounds of marihuana wrapped in Mexican newspaper was found on the floor of the front seat. The sack was in the open and obvious to anyone driving the vehicle. A partially smoked marihuana cigarette was found on the floor near Bullard, and marihuana sweepings were

found in some clothes in a suitcase, which Bullard claimed to be his. Thus Bullard's knowledgeable transportation of the marihuana is beyond question.

"There is also ample evidence that Bullard knew the marihuana was imported contrary to law. The Nuevo Laredo, Mexico-Laredo, Texas area is a well-known crossing point for smuggling marihuana. Geographically, the highway between Laredo and Zapata closely parallels the border, and there is evidence that Bullard made a hurried stop along this route where it is quite possible that the contraband was picked up. Furthermore, the sack containing the marihuana was identified as an ordinary Mexican shopping bag, commonly used in Mexico. The marihuana itself was wrapped in newspaper published in Mexico. Finally, Bullard and the vehicle he was driving were from Nebraska; he was in the Laredo area for only a few days and went across the border at least once. The purpose of the trip is inescapable—to pick up marihuana from Mexico."

We agree with the District Court's conclusions that appellant knew that the marihuana which he was transporting was illegally imported. Knowledge of the accused, being a subjective element of the crime, can of course be established only by circumstantial evidence, in the absence of an inculpatory statement by the defendant. Circumstantial evidence to sustain a conviction, however, is subject to the same test as direct evidence on appeal to review the sufficiency thereof. Such evidence must be viewed in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We have applied this test and find the evidence amply sufficient to support the conviction.

Affirmed.