UNITED STATES of America,
Plaintiff-Appellee,

v.

Encarnacion SOLIS, Jr., and Armando
Rodriguez Alainis, Defendants-
Appellants.

No. 72-2238
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1972.

Abel Toscano, Jr., Harlingen, Tex., for
defendants-appellants.

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of
New York et al., 5 Cir. 1970, 431 F.2d
409, Part I.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

Encarnacion Solis, Jr. and Armando Alainis appeal from their convictions for (a) conspiracy to possess marijuana with intent to distribute it and (b) distribution of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). They contend that the trial court should have suppressed certain evidence obtained as the fruit of allegedly illegal arrests, and that the evidence was insufficient to support their convictions. We affirm.

The events leading to the arrest and conviction of Solis and Alainis began with a call from a concededly reliable informant to a United States customs agent, informing the agent that two young men and one woman had arrived in Harlingen, Texas to pick up a load of marijuana and had left the airport in a taxicab. A check of cab company records revealed that the three suspects had registered at the Rodeway Inn in Harlingen. A telephone call was made from one of the rooms to an unlisted number registered to Francisco Alainis in Weslaco, Texas. Customs agents observed the two men, Crosby and Shiver, leave the motel with four empty suitcases and take a taxicab to Weslaco, where they registered in the Vali-Ho Motel and made a second telephone call to the same number. Alainis and Solis then arrived on the scene in a black Pontiac which one of the agents recognized as belonging to Alainis' family. The agents knew that state charges for marijuana possession were pending against Alainis and Solis. The black Pontiac then left the motel. Half an hour later an Oldsmobile appeared at the motel. One of the agents recognized this as a car often driven by Solis. Crosby and Shiver took several suitcases out of the car, loaded them in the trunk, and drove the car back to the Rodeway Inn in Harlingen. There they were arrested by customs agents, who detected a strong odor of marijuana as Crosby and Shiver were unloading the suitcases from the trunk.

Meanwhile, two agents en route to the Rodeway Inn recognized the black Pontiac heading in the same direction. After being advised by radio that Crosby and Shiver had been arrested and that a large quantity of marijuana had been found in the Oldsmobile, the agents followed the black Pontiac back to Harlingen. There the agents saw the Pontiac drive slowly around the Rodeway Inn. The agents proceeded to arrest the occupants of the car, who proved to be Alainis and Solis. A search of their persons revealed marijuana sweepings.

■■ The appellants contend that they were illegally arrested, and that all evidence discovered by the search at the time of the arrest should have been excluded.[1] We hold that the search of the appellants was a search incident to a lawful arrest based on probable cause.[2]

---

1. The appellants also object to the arrest and search of their codefendants Crosby and Shiver. Some authorities state that defendants should have standing to object to searches of their codefendants in all cases. People v. Martin, 1955, 45 Cal.2d 755, 290 P.2d 855; ALI Model Code of Pre-Arraignment Procedure § SS 290.1(5)(d) & Comment (Official Draft No. 1, 1972). We are constrained to hold, however, that the appellants have no standing to complain of the search of Crosby and Shiver. Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; United States v. James, 5 Cir. 1970, 432 F.2d 303;

United States v. Grimes, 5 Cir. 1970, 426 F.2d 706; Matthews v. United States, 5 Cir. 1969, 407 F.2d 1371, cert. denied, 1970, 398 U.S. 968, 90 S.Ct. 2177, 26 L.Ed.2d 554; Granza v. United States, 5 Cir. 1967, 377 F.2d 746, rehearing denied, 5 Cir. 1967, 381 F.2d 190, cert. denied, 1967, 389 U.S. 939, 88 S.Ct. 291, 19 L.Ed.2d 292.

2. The government argues that the search of the appellants was a "border search," which may be constitutionally justified if the officers conducting the search are within their jurisdiction and have "reasonable cause to believe that a person is

Probable cause is sufficiently shown where " 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 1959, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, quoting Carroll v. United States, 1925, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543.

■ The mere fact that Alainis and Solis were seen in association with Crosby and Shiver does not of itself constitute probable cause. See Sibron v. New York, 1968, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. But the arresting officers knew much more than this. Based on a reliable tip, they knew that Crosby and Shiver had come to Texas for the very purpose of effecting a rendezvous with someone in order to obtain marijuana. They knew that Alainis and Solis had prior arrests for drug offenses. The evidence available to the officers at the time of the arrest indicated that Alainis and Solis were the only persons with whom Crosby and Shiver had had contact since their arrival in Texas. Only two cars had appeared at the motel room: the Pontiac, which the agents knew Alainis often drove, and the Oldsmobile, in which the agents had often seen Solis. Solis had apparently loaned Crosby and Shiver the Oldsmobile, in which they were arrested and found to be carrying a large quantity of marijuana. Added to these facts was the suspicious behavior of Alainis and Solis when they arrived at the Rodeway Inn, where they drove slowly around the motel. All the evidence which the officers had knowledge of pointed strongly to the conclusion that Alainis and Solis had engaged in a criminal transaction with Crosby and Shiver. The officers therefore had probable cause to arrest the defendants and to conduct the search which revealed marijuana sweepings on their persons.

■ Alainis and Solis also object that the evidence was insufficient to support their conviction, since the evidence was circumstantial. We find this contention without merit. Direct evidence is seldom obtainable to prove conspiracy, since conspiratorial agreements are usually reached in secret. Of necessity conspiracy convictions must often be based on inferences drawn from circumstantial evidence. United States v. Warner, 5 Cir. 1971, 441 F.2d 821; Lacaze v. United States, 5 Cir. 1968, 391 F.2d 516; Gordon v. United States, 5 Cir. 1971, 438 F. 2d 858.

The judgment of the district court is affirmed.

---

carrying merchandise unlawfully introduced into the United States." United States v. Garcia, 5 Cir. 1971, 452 F.2d 419, 421; see United States v. Poindexter, 5 Cir. 1970, 429 F.2d 510; Morales v. United States, 5 Cir. 1967, 378 F.2d 187; Valadez v. United States, 5 Cir. 1966, 358 F.2d 721. "Reasonable cause" is a lesser standard than probable cause. See *Garcia*, supra; Thomas v. United States, 5 Cir. 1967, 372 F.2d 252. It is true that the site of the search in this case, fifteen miles from Mexico, may be considered to be within a "border area." See Walker v. United States, 5 Cir. 1968, 404 F.2d 900 (45 miles); Ramirez v. United States, 5 Cir. 1959, 263 F.2d 385 (75 miles). It is also true that to justify a border search the government need not necessarily show that the persons searched have themselves crossed an international boundary. *Garcia*, supra; United States v. Hill, 5 Cir. 1970, 430 F.2d 129. But in the present case the agents had no reason whatever at the time of arrest to suspect that the marijuana which they expected to find had been unlawfully imported into the United States from a foreign country. Thus the search of the appellants cannot qualify as a border search under the standard of *Garcia*.