**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Maxie Don TRULL, Defendant-Appellant.**

No. 78–5180

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 6, 1978.

G. Brockett Irwin, Longview, Tex., for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Sam Knowlton, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant appeals his conviction for a violation of 18 U.S.C. § 1001, making a false and fraudulent statement as to material facts to an agency of the United States. The charge was based on appellant's signing of Farmers Home Administration Form 424–9, which stated that he had paid in full for all materials purchased and all labor employed in performance of a contract to build an FHA-financed home, when in fact he had outstanding debts on the home. Appellant contends that the jury verdict was not supported by the evidence, and therefore, the trial court committed reversible error in denying his motion for acquittal. We find the evidence sufficient to support the verdict and affirm the conviction.

In July, 1973 appellant Trull contracted with Mrs. Billie C. Hatch to build a house for her. Construction of the house was financed through an FHA loan. On November 20, 1973, a final inspection was made of the house, and the final payment was made to appellant by the FHA. At this time appellant signed Form 424–9 stating that he had paid in full for all materials and labor. Attached to this form was Form 424–10, which was a list of debts owed on the construction of the house. Checks to the creditors listed on the second form were made out to both appellant and the creditor. Appellant represented to FHA official Brock that there were no other debts besides those listed. In fact appellant owed bills totalling approximately $2000 to Price

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Cabinet and Woodwork, Leland Wholesale Building Materials Company, and J. J. Ferguson Concrete. The effect of this false statement was that Farmers Home Administration made an unrestricted payment to Trull of $4,090.29, the balance due on the contract, on the false assumption that all bills on the house had been paid. At the time of the trial the debts were still owing.

The appellant was tried on January 19 and 20, 1978. Farmers Home Administration official William C. Brock testified that he thoroughly explained the forms to Trull and that he supervised the signing by Trull of the form which stated that all the bills had been paid. Brock said that for the outstanding bills that he knew about, checks were made out jointly, requiring the endorsement of both Trull and the party who had provided labor or materials. He testified that he knew of no other bills that had not been paid out and that he would not have authorized the issuance of the check if he had known about them.

Appellant took the stand on his own behalf and admitted the three outstanding debts. He alleged that at the time he signed Form 424–9 he told Brock that he had other debts on the house which he would take care of and that Brock agreed to this procedure.

The jury found the appellant guilty as charged in the indictment. On February 21, 1978, appellant was sentenced to two years in prison, but under the split sentence provision of 18 U.S.C. § 3651, the court provided that he would be confined in a jail-type or treatment institution for a period of six months, with the execution of the remainder of the sentence suspended and appellant placed on three years supervised probation.

■ The sole point upon which appellant bases his appeal is that the government failed to rebut his version of the form-signing episode after it had already put on completely contradictory evidence prior to his testimony. He says that without rebuttal testimony there is not substantial evidence to support the guilty verdict. This contention runs contrary to basic rules of appellate review which we have long recognized.

First of all, on appeal we must consider the evidence "in the light most favorable to support the verdict." United States v. Tobin, 5 Cir. 1978, 576 F.2d 687, 692; Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In this case, then, Brock's testimony, which was antithetic to Trull's and which the jury apparently believed, must be viewed most favorably. Following the guidance of the only case cited by the appellant in his brief, Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173 (1919), we have examined the record "not for the purpose of weighing conflicting testimony, but only to determine whether there was some evidence, competent and substantial, before the jury, fairly tending to sustain the verdict." 250 U.S. at 619, 40 S.Ct. at 18. Brock's testimony, supplemented by the testimony of others, was undeniably sufficient evidence upon which the jury could find that Trull knowingly gave a false statement to the Farmers Home Administration.

■ That the government did not recall Brock to repeat his testimony in rebuttal of Trull's story does not mean that the jury had to accept Trull's story. "Determinations of the credibility of testimony rest with the trier of facts, who is not bound to accept testimony even where it is not contradicted." Farmer v. Caldwell, 5 Cir. 1973, 476 F.2d 22, 25; see also Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Lujan v. United States, 5 Cir. 1970, 431 F.2d 871, 872. The truth of testimony as a matter of law is not established by a failure to deny it. Williams v. United States, 5 Cir. 1968, 394 F.2d 821, 822.

In the majority of cases involving proof of knowingly making a false statement the evidence is necessarily circumstantial, and in this case, given the evidence we have described, the jury could consider beyond a reasonable doubt that appellant's statements were knowingly false in spite of his testimony to the contrary. United States v. Garcia, 5 Cir. 1973, 479 F.2d 322, 324. The conviction is affirmed.

AFFIRMED.