*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1197**

State of Minnesota,
Respondent,

vs.

Eric Jon Larcom,
Appellant.

**Filed July 25, 2016
Affirmed
Ross, Judge**

Kandiyohi County District Court
File No. 34-CR-14-1056

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

A state trooper stopped Eric Larcom for not wearing his seatbelt, and while he spoke with Larcom he saw a lone marijuana seed on the seat of Larcom's pickup truck. Larcom

said that his girlfriend smoked pot but that he did not because he was on parole for selling drugs. The trooper searched the truck, finding methamphetamine and other marijuana remnants. Larcom moved to suppress the drug evidence, arguing that the trooper lacked probable cause to search. The district court denied the motion, and we affirm, because the trooper had probable cause to search.

## FACTS

State Trooper Eric Hopkins noticed that the driver of a pickup truck was not wearing his seatbelt, so he stopped the truck. Trooper Hopkins walked to the passenger side and spoke through the open window to the driver, Eric Larcom. The trooper, familiar with the characteristics of marijuana, was telling Larcom why he stopped the truck when he noticed a single marijuana seed on the passenger seat. Trooper Hopkins reached in and picked up the seed, and he asked if Larcom smoked marijuana. Larcom said no, he did not, because he was on parole for selling drugs. But Larcom volunteered that his girlfriend does smoke it.

Trooper Hopkins directed Larcom from the truck and searched it. He found a substance that he suspected to be methamphetamine, and a field test confirmed his suspicion. The trooper also found a marijuana leaf and stems on the truck's floor. The state charged Larcom with felony fifth-degree possession of a controlled substance and petty-misdemeanor possession of a small amount of marijuana.

Larcom moved to suppress the evidence of the drugs, challenging the trooper's seizure of the marijuana seed and his search of the truck. The district court denied Larcom's motion. It held that the trooper saw the marijuana seed in plain view, and it found that the

2

incriminating nature of the seed was immediately apparent to him based on his training and experience, giving him probable cause to reach inside and seize the seed. It determined that the trooper could lawfully search Larcom's truck for drugs, finding that three facts supported probable cause: (1) the marijuana seed's presence in the truck; (2) Larcom's statement that he was on parole for selling drugs; and (3) Larcom's statement that (in the district court's words) his "girlfriend occasionally possessed marijuana within [his] vehicle." The district court reasoned that Trooper Hopkins had probable cause to search based on the first two facts alone, and the my-girlfriend-smokes-it statement merely strengthened the justification to search.

Larcom and the state proceeded under Minnesota Rule of Criminal Procedure 26.01, subdivision 4. Larcom therefore stipulated to the prosecution's case so he could preserve for our review the issue of whether the district court properly rejected his motion to suppress. The state dismissed the petty-misdemeanor charge. Larcom appeals.

## DECISION

Larcom challenges the district court's denial of his motion to suppress the evidence of methamphetamine. We review the district court's pretrial fact-findings for clear error and its legal determinations de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009). And we review de novo its ultimate ruling on the constitutionality of the search and seizure. *State v. Anderson*, 733 N.W.2d 128, 136 (Minn. 2007).

The United States and Minnesota Constitutions guarantee individuals the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A warrantless search is unreasonable unless a warrant exception applies. *State v.*

3

*Licari*, 659 N.W.2d 243, 250 (Minn. 2003). Under the automobile exception, a warrantless search of a vehicle is justified when police have probable cause to believe that the vehicle is carrying contraband. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Probable cause is based on the totality of the circumstances, including "reasonable inferences that police officers draw from facts, based on their training and experience." *State v. Lester*, 874 N.W.2d 768, 771 (Minn. 2016).

We have previously reasoned that "[t]he discovery of marijuana in a car gives law enforcement probable cause to search for more anywhere in the car where one might reasonably expect to find marijuana." *State v. Thiel*, 846 N.W.2d 605, 611 (Minn. App. 2014), *review denied* (Minn. Aug. 5, 2014). But we need not address Larcom's and the state's arguments over whether the marijuana seed by itself provides a sufficient basis to search the truck. The district court credited the trooper's testimony that he knew the seed was marijuana before he seized it. Based on this and the district court's other fact-findings, a reasonable officer in the trooper's shoes would have known or inferred the following probable-cause related facts: the stopped pickup truck was occupied by a convicted drug dealer whose girlfriend, who uses marijuana, brought marijuana into the pickup. We are satisfied that these facts would lead a reasonable officer to believe he may find more drugs in the pickup.

Larcom attacks an underlying finding. He contends that the district court clearly erred by finding that he had "stated that [his] girlfriend occasionally smoked marijuana within [his] vehicle and that the marijuana seed likely belonged to [his] girlfriend." It is true that Larcom was not quite so specific when he outed his girlfriend during the roadside

4

discussion. He did not expressly "state" what the district court said he stated. But the substance of the finding rests on reasonable inferences from the undisputed evidence. It was in the context of the trooper's question about Larcom's drug use—a question that immediately followed the trooper's discovery of the marijuana seed *in the truck*—that Larcom revealed his girlfriend's marijuana use. This effectively attributed the seed's presence *in the truck* to his girlfriend's use, and effectively connected that use to the truck. We are therefore not concerned about whether it was the district court or the trooper who first made the implied connection between the location of the seed and the location of the drug use; any reasonable officer in the trooper's position would have inferred the connection. This conclusion does not depend on Larcom's expressly saying that his girlfriend's drug use occurred inside the truck.

Larcom contends that the marijuana seed cannot support probable cause because sterilized seeds are not included in the definition of marijuana under Minnesota Statutes section 152.01, subdivision 9 (2014), and even a trained officer cannot determine by visual observation whether a single seed has, in fact, been sterilized. One problem with the argument is that the statute defines marijuana expressly to include, among other details, "all parts of the plant of any species of the genus Cannabis, including . . . the seeds thereof." Minn. Stat. § 152.01, subd. 9. That the statute then excepts from the definition "the sterilized seed of such plant which is incapable of germination" does not prevent an officer from relying in part on the presence of a marijuana seed, among other facts, when the seed has not been tested for sterility. Based on the definition, the statutes criminalize the possession or dealing of marijuana seeds generally, and they include an exception when

5

the naturally illegal seeds have been sterilized. No facts were present to suggest to the trooper that the seed he found was one of the exceptional, legal seeds. To the contrary, a reasonable officer would infer that the seed was not benign given the conversation with Larcom about the seed's apparent origin. The reason sterile seeds are not themselves illegal is of course because a sterile seed cannot produce a usable drug. But the possession of a seed implies that the seed itself was produced from a usable drug, and Larcom's comments imply that this particular seed was a byproduct of his girlfriend's usable drugs. And again, we are not deciding here whether the presence of the seed, standing alone, establishes probable cause to search the truck; we are considering the seed along with Larcom's incriminating comments.

Larcom next challenges any officer's reliance on a criminal record as a basis for probable cause under the Fourth Amendment. Larcom correctly observes that, although Minnesota cases expressly hold that a criminal record is relevant when a judge considers whether to issue a search warrant, *see, e.g.*, *State v. Carter*, 697 N.W.2d 199, 205 (Minn. 2005), no Minnesota case has said specifically that police may similarly consider a criminal record when developing probable cause to search. But again, probable cause is a purely objective standard—not a subjective standard—bearing on the likelihood that evidence will be found. *Lester*, 874 N.W.2d at 771. Multiple federal courts have therefore specifically observed that a person's criminal history is also a factor supporting an officer's probable cause determination. *See, e.g.*, *United States v. Collins*, 532 F.2d 79, 84 (8th Cir. 1976) (listing the defendant's disclosure that he was a convicted felon as a factor supporting an officer's probable cause for a warrantless arrest); *United States v. Solis*, 469 F.2d 1113,

6

1115 (5th Cir. 1972) (identifying the arresting officers' knowledge of defendants' prior arrests for drug offenses as a factor supporting probable cause for police to arrest for a drug offense).

And the Supreme Court has declared that the scope of a search is the same whether it results from an officer's probable cause determination or a judge's probable cause determination, explaining that when a search rests on the officer's determination as opposed to a judge's, the scope of the search is "no broader and no narrower than a magistrate could legitimately authorize by warrant." *See United States v. Ross*, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982). Fundamental to our issue, establishing the parallel between the bases for a police officer's probable cause determination and the bases for a judicial officer's probable cause determination in the related context of an arrest, the Supreme Court has also explained specifically that the judicial officer considering whether to issue a warrant "must judge for himself the persuasiveness of the facts *relied on by a complaining officer* to show probable cause." *Giordenello v. United States*, 357 U.S. 480, 486, 78 S. Ct. 1245, 1250 (1958) (emphasis added). And the Court has drawn the parallel plainly as to searches, mirroring the probable cause tests for the judge issuing a warrant and an officer searching without one. *Compare Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."), *with Husty v. United States*, 282 U.S. 694, 701, 51 S. Ct. 240, 242 (1931) ("It is enough [for an officer] if the apparent facts which have come to his

7

attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched."), *and cf. Wong Sun v. United States*, 371 U.S. 471, 482, 83 S. Ct. 407, 414 (1963) (holding that "an officer may [not] act in his own, unchecked discretion upon information too vague and from too untested a source to permit a judicial officer to accept it as probable cause for an arrest warrant"). We see no reason (and Larcom suggests no reason) why police cannot develop probable cause based in part on the same criminal background a judge relies on. The *Carter* court cautioned that criminal history "is best used as corroborative information and not as the sole basis for probable cause." 697 N.W.2d at 205 (quotation omitted). This best-practices admonition fits here, where the fact that Larcom had been convicted of drug dealing is only one of the probable cause factors the trooper could consider.

**Affirmed.**